UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRIE M. WRIGHT,

        Plaintiff,

v.                           CASE No.  8:06-CV-43-T-26TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.

_____

REPORT AND RECOMMENDATION

        The plaintiff in this case seeks judicial review of the denial of her

claim for Social Security disability benefits.[2]  Because the decision of the

Commissioner of Social Security is supported by substantial evidence and

does not contain any reversible error, I recommend that it be affirmed.

I.

        The plaintiff, who was forty-six years old at the time her insured

status expired and who has a high school education, has worked primarily as

---

[1]Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

a hairdresser (Tr. 69, 71). She filed her current claim for Social Security disability benefits in 1998, alleging that she became disabled on September 24, 1994, due to problems with her back, knees, right arm and elbow (Tr. 42, 65). The claim was denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge determined that the plaintiff last met the special earnings requirement for disability benefits on December 31, 1996 (Tr. 16). He found that on, or before, that date, the plaintiff had degenerative arthritis of the right and left knee and was status post right knee arthroscopic surgery (Tr. 21). However, despite these impairments, he concluded that the plaintiff was capable of sedentary work (Tr. 20). The law judge explained that, based upon the plaintiff's capacity for sedentary work, her age and her education, the medical-vocational guidelines directed a finding that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

Thereafter, the plaintiff sought review of the law judge's decision in this court. In a Report and Recommendation, I recommended that the law judge's decision be reversed and remanded (Tr. 307). I found that the law

judge did not adequately evaluate some of the plaintiff's limitations, thereby failing to justify the use of the medical-vocational guidelines (Tr. 312-14). In particular, I concluded that the law judge should have evaluated the opinion of a consulting physician, Dr. Jeanne M. McGregor, that the plaintiff could not handle stooping (Tr. 312-13). Further, the law judge should have evaluated Dr. McGregor's opinion that, due to scar tissue on the plaintiff's left axilla from a burn as a child, the plaintiff could not frequently reach above chest level with her left arm and is severely limited in her ability to reach overhead with that arm (Tr. 314). Moreover, the law judge did not evaluate the plaintiff's claim that her pain interferes with her ability to concentrate (Tr. 313-14). In my view, these deficiencies warranted a remand. District Judge Steven D. Merryday adopted my Report and Recommendation (Tr. 318-19). Consequently, the law judge's decision was reversed and the matter remanded (Tr. 317).

On remand, another administrative hearing was then conducted by the same law judge (Tr. 446-68). The law judge again determined that the plaintiff last met the special earnings requirement for disability benefits on December 31, 1996 (Tr. 289). He found that on, or before, that date, the plaintiff had severe impairments of arthritis and degenerative joint disease of

both knees, status-post right knee arthroscopy and debridement, plantar fasciitis and obesity (Tr. 293). The law judge determined that the plaintiff had the residual functional capacity to engage in a limited range of sedentary work that is not performed in confined spaces (Tr. 298). The law judge found further that the plaintiff is limited to frequently lifting and/or carrying up to ten pounds (id.). The plaintiff, also, can stand and/or walk for at least two hours in an eight-hour workday, sit for at least six hours in an eight-hour workday, but can never kneel, crawl or climb ladders, ropes and scaffolds (id.). The plaintiff also cannot repetitively squat or use both of her lower extremities, but can occasionally climb ramps, stairs, balance, stoop and crouch (id.). In addition, she requires the use of a cane for walking (id.). The law judge concluded that these restrictions prevented the plaintiff from returning to her past work (id.). However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could perform, such as an assembler, cashier/checker, packager and machine operator (Tr. 299). Therefore, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3).  In this case, the plaintiff must show that she became disabled before her insured status expired on December 31, 1996, in order to receive disability benefits.  42 U.S.C. 423(c)(1); <u>Demandre</u> v. <u>Califano</u>, 591 F.2d 1088, 1090 (5th Cir. 1979), <u>cert</u>. <u>denied</u>, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson</u> v. <u>Perales</u>, 402 U.S. 389, 401 (1971), <u>quoting</u> <u>Consolidated Edison Co.</u> v. <u>NLRB</u>, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's disability claim in this case involves the limited period from September 1994 through 1996.  Thus, the plaintiff claims an alleged onset date of September 24, 1994 (Tr. 42), and she was last insured for disability benefits on December 31, 1996.  The law judge found that, while the plaintiff was substantially limited in her work capacity during this period,

she was not totally disabled.  The plaintiff challenges this conclusion on several grounds.  None of those grounds warrants reversal.

The plaintiff argues, first, that the law judge erred in not considering the combined effect of her exertional and non-exertional impairments (Doc. 22, pp. 7-9).  The plaintiff's contention does not justify relief.

The law judge clearly recognized that he had to consider the combined effects of the plaintiff's impairments.  For example, he stated that "the sequential evaluation requires a determination as to whether any of [the plaintiff's] severe impairments, or combination of impairments, met or equaled the requirements of any section of the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 (the Listings) (20 C.F.R. § 404.1520(d))" (Tr. 293).  See Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002).  He added that "the claimant's obesity, considered solely, and in combination with her other medically determinable impairments, still does not give rise to an impairment that meets or medically equals the severity requirements of any listed impairment" (Tr. 293-94).  He said further that the plaintiff has "premised her application for Disability Insurance Benefits on the

combined effects of her physical ailments, notably her knee pain, lower back pain, and upper extremity injuries" (Tr. 294).

The plaintiff asserts that the law judge failed to consider the combined effects of the plaintiff's "knee problems, her left upper extremity and lumbar spine problems and her carpal tunnel impairment" (Doc. 22, p. 8). The law judge obviously considered the plaintiff's knee problems, since he considered them severe impairments and determined that they restricted the plaintiff to a limited range of sedentary work. Moreover, he considered those problems in combination with the plaintiff's obesity, noting that "the claimant has been consistently persuaded to lose weight, which she has failed to do, and this has undoubtedly contributed to her condition" (Tr. 294).[3]

Furthermore, the law judge considered the plaintiff's claim of severe back pain, but reasonably discounted it (id.). The law judge explained that "there are no consistent reports of said pain offered to the treating source doctors during the alleged time period" (id.). The law judge also pointed out that there were no objective findings to support the

---

[3]The plaintiff's counsel finds "improper bias" in this comment (Doc. 22, p. 13). I have read the entire record and find no basis for this accusation. Moreover, the comment is relevant to show that the law judge considered the combined effects of the plaintiff's knee problems and her obesity.

plaintiff's claim of back pain (id.).  In addition, the law judge stated that the plaintiff admitted at the first hearing that she did not seek care for that condition until after her date last insured (id.).  Accordingly, the law judge did not fail to consider the effects of the plaintiff's alleged back pain because he reasonably found that there were no functional limitations from that condition (Tr. 294-95).

Similarly, the law judge considered, and discounted, the plaintiff's claim that she was restricted in reaching above chest level and overhead with her left arm as a result of scar tissue on her left axilla from a burn as a child (Tr. 296; see also Tr. 142).  The law judge determined that this claim was contradicted by the plaintiff's prior long-term employment as a hairdresser in which she frequently reached with her arms to perform her work (Tr. 296).  Morever, the law judge pointed out that the vocational expert testified that none of the jobs he indicated the plaintiff could perform would be excluded if the plaintiff could not reach overhead with her left upper extremity and could only occasionally reach above her chest with that extremity (id.; Tr. 454-55).  The vocational expert explained that the identified positions are "performed in a bench type setting" and that the plaintiff "would be working with [her] upper extremities right there in front

of [her], not exceeding chest or overhead level" (Tr. 455).  Under these circumstances, the law judge's treatment of the plaintiff's left arm condition does not yield any reversible error.

In addition, the plaintiff claims that the law judge failed to consider her carpal tunnel impairment.  However, in my reading of the transcript, I did not see any diagnosis of a carpal tunnel problem during the relevant period.  Since the plaintiff has not cited to any evidence in the record on this point (see Doc. 22, p. 8), this contention should be deemed waived (see Doc. 19).

Moreover, if, by this contention, the plaintiff had in mind her injury to her right elbow, the argument is meritless.  The injury occurred in February 1997, which was after her insured status expired.  Consequently, that injury is properly disregarded in considering the plaintiff's claim of disability.

The plaintiff also seems to suggest on this issue that the law judge failed to consider the plaintiff's claim of severe pain (Doc. 22, p. 9).  If the plaintiff is asserting such a contention, it is meritless.  The law judge clearly considered, and discounted to some extent, the plaintiff's complaints of pain (Tr. 294-97).  Moreover, as explained in connection with the

plaintiff's separate challenge to the law judge's credibility determination, the determination is reasonable and supported by substantial evidence.

On this issue, the plaintiff seeks support from the opinion of Dr. Jeanne M. McGregor.  Dr. McGregor opined, among other things, that the plaintiff cannot climb, squat, crawl or stoop; cannot frequently reach above chest level with her left arm; and is severely limited in her ability to reach overhead with that arm (Tr. 142).  The law judge did not fully agree with Dr. McGregor's opinions in these respects.

The plaintiff asserts that the law judge was somehow bound by those opinions because the law judge did not state his reasons for discounting them in his first decision and "the federal court affirmatively endorsed the validity of Dr. McGregor's opinion in their report" (Doc. 22, p. 8).  The quoted statement is patently incorrect.  Rather, I recommended that the law judge's decision be reversed because the law judge's reliance on the medical-vocational guidelines was improper due to the failure to evaluate Dr. McGregor's opinions with respect to the plaintiff's ability to stoop and to use her left arm (Tr. 312-13, 314).  This conclusion was not an endorsement of Dr. McGregor's opinion (Tr. 313).  Moreover, I stated that "on remand, the Commissioner is free to discount Dr. McGregor's opinion on some ground,

including remoteness, but she must provide a cogent explanation for such a determination" (id.).  And, on remand, the law judge did just that.

The law judge explained at length why he was discounting Dr. McGregor's opinion that the plaintiff was incapable of all climbing, squatting and stooping (Tr. 295, 297).  The law judge gave two main reasons for discounting Dr. McGregor's opinions: (1) She was only an examining physician and he was giving greater weight to the opinion of a treating doctor; and (2) her examination was conducted in July 1998, which was about seventeen months after the expiration of the plaintiff's insured status (Tr. 297).  On the first point, the law judge recognized that Dr. Thomas L. Bernasek was the only doctor during the pertinent period to have treated the plaintiff (Tr. 296) and accordingly, as noted by the law judge, was "in the best position to know of the [plaintiff's] condition during the period in question" (id.).  During this period, Dr. Bernasek did not set forth restrictions as to climbing and stooping and only precluded repetitive lower extremity squatting (Tr. 174).  Importantly, he opined that the plaintiff could perform sedentary work (id.).

Furthermore, the law judge explained that the remoteness in time of Dr. McGregor's examination from the date last insured was significant

because she noted findings that were not reported by Dr. Bernasek. Thus, she observed bilateral effusion and some ligamentous laxity that were not reported by Dr. Bernasek upon his April 1996 examination (Tr. 295, 297). These developments permitted the law judge reasonably to conclude that the plaintiff's knee condition in July 1998 did not reflect her condition when her insured status expired on December 31, 1996.

The law judge also considered Dr. McGregor's opinion regarding the plaintiff's restricted ability to reach with her left arm due to scar tissue on the left axilla from a burn as a child (Tr. 296). As previously explained, the law judge noted the plaintiff's ability to work as a hairdresser for many years despite this problem. He concluded, based upon the testimony of the vocational expert, that the plaintiff's ability to perform the specified jobs were within the plaintiff's demonstrated capacity to reach with her left arm. Accordingly, the law judge could appropriately disregard Dr. McGregor's opinion concerning this problem.

The plaintiff's reliance upon Dr. McGregor's opinions is therefore misplaced. The law judge has provided explicit and cogent reasons for discounting those opinions.

Under these circumstances, the plaintiff's contention that the law judge failed to consider the combined effects of the plaintiff's impairments does not warrant reversal.  The law judge appropriately undertook to evaluate those combined effects.  And even with respect to the matter of reaching with the left arm, which is the only condition where the law judge arguably could have found additional functional limitations, reversible error is absent since the jobs that were identified do not require reaching beyond the plaintiff's demonstrated capacity.

The plaintiff contends, second, that the law judge erred in determining that she could perform a limited range of sedentary work (Doc. 22, pp. 9-11).  The plaintiff claims that the hypothetical question posed to the vocational expert was flawed in that it included the ability to walk and stand for two hours in an eight-hour day while using a cane (id. at pp. 9-10).

In this connection, the plaintiff asserts that it is well-documented that she can barely stand and walk (id. at p. 10).   The plaintiff, however, has failed to cite to any of that purported documentation.  The only medical evidence during the relevant period is from Dr. Bernasek, and, as indicated, he opined that the plaintiff could perform sedentary work (Tr. 174).

Moreover, the law judge limited the plaintiff to sedentary work and the expert testified that the jobs he identified "are usually performed in a bench type setting" (Tr. 455). Consequently, the standing and walking is incidental to the jobs' essential activities. Certainly in light of the treating physician's contemporaneous opinion and the absence of any evidence to the contrary, the law judge could reasonably find that the plaintiff had the ability to stand and walk for a total of two hours during an eight-hour workday.

The plaintiff attempts to bolster her argument on this contention by citing the limitations set forth by Dr. McGregor (Doc. 22, p. 10). As previously explained, the law judge accepted the opinion of the plaintiff's treating physician, Dr. Bernasek, and provided ample reasons for discounting Dr. McGregor's opinions. As a result, the law judge, in the hypothetical question to the vocational expert, included various restrictions that he found to exist, such as that the plaintiff was limited to sedentary work; must use a cane to walk; can never climb ladders, ropes, scaffolds, kneel, or crawl; and cannot repetitively use her lower extremities (Doc. 452). This is sufficient because the hypothetical posed to the vocational expert only need include the limitations that are supported by the record and accepted by the law judge.

Graham v. Bowen, 790 F.2d 1572, 1576 (11th Cir. 1986).  Therefore, the law judge's decision should not be reversed on this ground.

The plaintiff argues, third, that the law judge erred in determining that she could perform other work that exists in the national economy (Doc. 22, pp. 11-12). This contention is predicated upon the assertion that "[t]he [law] judge added the restriction of an ability to sit and stand at will during the 8[-]hour work day" (id. at p. 11).  The plaintiff argues that, with this added restriction, there would not be a significant number of jobs in the national economy that the plaintiff could perform.

This argument is flawed at its inception since its premise is wrong.  The law judge did not find that the plaintiff required a sit and stand option as part of her residual functional capacity (Tr. 298).  Moreover, even if the premise were correct, the argument would fail, since, as the Commissioner explains, there would still remain a significant number of jobs in the national economy that the plaintiff could perform (see Doc. 24, pp. 17-18).

In her final argument, the plaintiff contends that the law judge did not make a proper credibility finding as to her testimony and her husband's proffered testimony (Doc. 22, pp. 12-14).  However, the law judge

did provide adequate reasons for discounting the plaintiff's complaints of pain.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints.  <u>Dyer</u> v. <u>Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).  As the court of appeals explained in <u>Landry</u> v. <u>Heckler</u>, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints.  He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence.  <u>See</u>, <u>e.g.</u>, <u>Walker</u> v. <u>Bowen</u>, 826 F.2d 996, 1004 (11th Cir. 1987); <u>Johns</u> v. <u>Bowen</u>, 821 F.2d 551, 557 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).   In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and cited to Landry, as well as the regulation and Social Security Ruling governing such determinations (Tr. 294), thereby demonstrating that the Eleventh Circuit pain standard was being applied. Wilson v. Barnhart, supra, 284 F.3d at 1225-26.  Moreover, the law judge considered the plaintiff's various complaints and set forth several reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 294-97).  Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had severe restrictions that limited her to some types of sedentary work.  The law judge only rejected the allegations of total disability.

The law judge stated that he "believes that the [plaintiff's] reports and testimony as to her pain, symptoms, and limitations are inconsistent with the objective medical evidence of record, and other evidence" (Tr. 297). This finding is explicit and adequate to discredit the plaintiff's allegations of pain. See Heppell-Libsansky v. Commissioner of Social Security, 2006 WL 622745 at *5 (11th Cir. 2006)(unpub. op.).

With respect to the plaintiff's knee problems, the law judge noted that, "from September 24, 1994 (the [plaintiff's] alleged onset date), to December 31, 1996 (the [plaintiff's] date last insured), the [plaintiff] sought care exactly two times – November 1994 and April 1996 (Emphasis Added)" (Tr. 294). The law judge found that "activity to be inconsistent with the [plaintiff's] allegations of severe pain" (id.). That conclusion is reasonable and supported by the evidence.

The law judge, as indicated, specifically considered the plaintiff's allegations of severe back pain. As previously explained, the law judge reasonably discounted these allegations because they were not reported to doctors during the relevant period, were not supported by objective findings, and were not the subject of treatment.

The law judge also specifically considered, and rejected, the plaintiff's allegation concerning her need to lie down frequently (Tr. 296). The law judge stated that no treating or examining physician ever opined that that was medically necessary and the plaintiff never reported to them that it was (Tr. 296-97). He added that the clinical evidence of record does not support the necessity of lying down during the relevant period.

In short, the law judge gave proper consideration to the plaintiff's complaints of pain. Moreover, he provided reasonable grounds for discounting those complaints.

The plaintiff attempts to bolster her argument by asserting that the law judge erred by declining to hear testimony from her husband regarding her pain (Doc. 22, p. 12). This contention is disingenuous. Plaintiff's counsel never requested to have the husband testify at the hearing (Tr. 466-68).

At the end of the hearing, the law judge asked plaintiff's counsel if the husband would essentially support the plaintiff's testimony (Tr. 466). When the attorney said "yes," the law judge stated that he would accept counsel's proffer that the plaintiff's husband would "essentially support [the plaintiff's] testimony" (id.). Thus, not only was the law judge not impeding

the presentation of the plaintiff's case, but he was taking the initiative to buttress it.

Moreover, the law judge in his decision specifically considered the proffer of the husband's testimony (Tr. 297).  However, he explained that he rejected the testimony to the extent that it was inconsistent with the medical and non-medical evidence of record and the residual functional capacity that he found to exist (id.).  This conclusion is valid for the same reasons the credibility determination regarding the plaintiff's testimony is valid.

## IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain any reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May 1, 2007

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).